CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
MAIL: PO Box 262490
San Diego, CA 92196-2490
DELIVERY: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 FAX
phylg@potterhandy.com

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
(858) 375-7385

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Emily Wright**, <br><br> Plaintiff, <br><br> v. <br><br> **Trifecta Hospitality LLC, a California Limited Liability Company** and Does 1-10, Inclusive, <br><br> Defendants. | Case No. <br><br> **Complaint for Declaratory and Injunctive Relief and Damages for Violations of:** <br><br> 1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 *et seq.*; <br> 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*; and <br> 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.* |

Plaintiff Emily Wright ("Plaintiff") complains of Defendants Trifecta Hospitality LLC, a California Limited Liability Company and Does 1-10, ("Defendants") and alleges as follows:

1

Complaint


## INTRODUCTION

1. The Americans with Disabilities Act ("ADA") was passed over 2 decades ago with a principal goal of integrating people with disabilities into the country's economic and social life. 42 U.S.C. § 12101(a). Among other things, the ADA specifically requires that places of public accommodation modify their policies, practices, or procedures to permit the use of a service animal by an individual with a disability. 28 C.F.R. § 36.302(c).

2. Despite the ADA's clear mandate, Defendants have failed to ensure that Plaintiff, an individual with disabilities who uses a service dog, has full and equal access to the goods, facilities, programs, services, and activities they offered to members of the public through the inn they own and operate in Napa Valley, California.

3. As a result of Defendants' discriminatory acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, facilities, programs, services and activities offered at Chablis Inn independently and in a manner equal to individuals without disabilities.

4. Through this lawsuit, Plaintiff seeks declaratory relief and an injunction requiring Defendants to provide her, and similarly situated persons, "full and equal" access to Defendants' public facilities as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing her civil rights.

## PARTIES

5. Plaintiff Emily Wright is, and at all times relevant herein was, an individual and resident of California.

6. Defendant Trifecta Hospitality LLC ("Trifecta") is, and at all times relevant to herein was a limited liability corporation established under the laws of California.

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities, connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act and Disabled Persons Act, which both expressly incorporate the

Americans with Disabilities Act.  Cal. Civ. Code §§ 51(f) and 54.1(d).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Defendants do business in this district and the events and/or omissions giving rise to Plaintiff's claim occurred in this district.

**FACTUAL ALLEGATIONS**

12. Plaintiff has multiple impairments resulting from non-epileptic seizures with motor and vocal tics, thyroid problems, sleep disturbance, anxiety, mild hyper mobility, chronic migraines, dizzy spells, and chronic pain that significantly limit her in activities of daily living including her mobility.

13. Plaintiff uses a service dog that has been individually trained to perform work and tasks related to her disability.

14. Plaintiff's service dog provides Plaintiff with mobility assistance and balancing.

15. Plaintiff's service dog assists Plaintiff in getting up from supine and seated positions.

16. Plaintiff's service dog guides Plaintiff to safe locations when she is experiencing dizzy spells, impaired vision, and/or a loss of balance.

17. Plaintiff's service dog guides her out of stressful situations when Plaintiff is disassociating, or experiencing anxiety or panic attacks.

18. Plaintiff's service dog provides Plaintiff with deep pressure therapy when she is disassociating, or experiencing anxiety or panic attacks.

19. At all times relevant herein Trifecta has done business as the Chablis Inn (hereinafter "Inn"), located at 3360 Solano Avenue in the City of Napa, California

20. At all times relevant herein Trifecta has been the owner and/or operator of the Inn.

21. At all times relevant herein, the Inn has been a place of lodging.

22. At approximately 2:00 p.m. on June 13, 2019, Plaintiff went to the Inn, driven by her mother (hereinafter "Ms. Wright"), to visit a friend (hereinafter "L.D.") who was staying there.

23. Plaintiff was accompanied by her service dog.

24. After Plaintiff exited her vehicle with her service dog, Ms. Wright noticed one of the Inn's housekeepers glaring at Plaintiff disapprovingly.

25. Ms. Wright proceeded to the Inn's office to let staff know that Plaintiff was visiting a friend at the Inn accompanied by a medical alert service dog.

26. Inn staff became agitated and informed Ms. Wright that dogs were not allowed at the Inn.

27. Ms. Wright explained that Plaintiff's dog was not a pet, but rather, a service dog that assists Plaintiff with her medical issues.

28. Ms. Wright explained to Inn staff that Plaintiff has a legal right to be accompanied by her service dog.

29. Inn staff told Ms. Wright that Plaintiff could stay at the Inn if Ms. Wright took the service dog.

30. Ms. Wright explained to Inn staff that she could not take the service dog with her as the service dog was necessary to assist Plaintiff with regard to her medical conditions.

31. Inn staff then asked Ms. Wright if Plaintiff had identification and documentation for her service dog.

32. Ms. Wright explained to Inn staff that under the law service animals do not need special papers or identification.

5

33. Ms. Wright further explained to Inn staff that she was notifying them regarding Plaintiff's service dog as a courtesy, and reiterated that Plaintiff had a federally-protected right to be accompanied by her service dog.

34. Inn staff then stated that visitors were not allowed at the Inn.

35. Inn staff also stated that they would have to call the party responsible for paying for the room, to advise that a cleaning fee would be charged because "pets mess up the rooms."

36. Ms. Wright again advised Inn staff that Plaintiff's dog was not a pet and that it would not mess up the room.

37. Inn staff then stated that Plaintiff could only stay for 30 minutes because she was not a guest.

38. Ms. Wright then asked Inn staff for a copy of the Inn's policies.

39. Inn staff got irate and refused to provide the requested policies. Inn staff claimed Ms. Wright was not entitled to a copy of the policies because she was not a guest.

40. Ms. Wright then informed Inn staff that she would be in touch with a lawyer, which made Inn staff more upset.

41. Inn staff demanded Ms. Wright leave their office.

42. Ms. Wright refused to leave the Inn's office, stating that she wanted some confirmation that Plaintiff would not be harassed or given any problems.

43. Inn staff then again informed Ms. Wright that Plaintiff could not stay, representing that guests were not allowed.

44. Ms. Wright again asked for a copy of the Inn's policies but Inn staff again refused to give them to her.

45. Ms. Wright left the office and went to L.D.'s room. Ms. Wright informed Plaintiff that they had to leave because L.D. could not have visitors for more than thirty minutes.

Complaint

46. Plaintiff and Ms. Wright left the Inn.

47. Inn staff called L.D.'s room approximately thirty minutes later to confirm that Plaintiff and her service dog have left the Inn.

48. L.D. later sent a copy of the Inn's policies to Plaintiff. The only restriction on visitors contained in the Inn's policies was that no visitors were allowed after 10 p.m.

49. At all times relevant herein, Plaintiff's service dog was well-behaved and under Plaintiff's control.

50. At all times relevant herein, Plaintiff's service dog was on a leash.

51. At all times relevant herein, Plaintiff's service dog was well groomed.

52. At all times relevant herein, Plaintiff's service dog was current on its vaccinations.

53. At all times relevant herein, Plaintiff's service dog was appropriately licensed.

54. As a direct and proximate result of Defendants' acts and omissions, Plaintiff experienced difficulty, emotional discomfort, humiliation, embarrassment, frustration, and anxiety.

55. Plaintiff has been deterred from returning to the Inn since the June 13, 2019 incident.

56. Plaintiff plans to return to the Inn with her service dog to visit guests and as a guest. Until Defendants' discriminatory policy regarding service dogs are modified, Plaintiff will be prevented and deterred from having full and equal access to the Inn, and will suffer ongoing discrimination and damages as a result.

Complaint

57. An actual controversy has arisen and now exists between the parties concerning their respective rights, duties and obligations under Federal and State law. Accordingly, Plaintiff is entitled to declaratory relief.

58. The nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

59. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of Plaintiff's civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## FIRST CAUSE OF ACTION
## Title III of the Americans with Disabilities Act
## 42 U.S.C. § 12101 *et seq.*

60. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

61. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

62. Plaintiff is, and at all times relevant herein was, an individual with disabilities as defined by the ADA. 42 U.S.C. § 12102.

63. Among the "private entities" which are considered "public accommodations" for purposes of this title includes an inn, hotel, motel, or other place of lodging. 42 U.S.C. § 12181(7)(A).

64. The Inn is an inn, hotel, motel and/or place of lodging and therefore a place of "public accommodation" under Title III of the ADA.

65. Trifecta, as the owner and/or operator of the Inn, must ensure the Inn's compliance with the ADA.

66. In acting as herein alleged, Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA. Defendants' discriminatory conduct includes, *inter alia*:

   a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff goods, services, facilities, privileges, advantages, accommodations, and/or opportunities, on the basis of her disability. 42 U.S.C. § 12182(b)(1)(A)(i);

   b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii); and

   c. Failing "to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities," and specifically, failing "to modify their policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(c).

67. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

Complaint

## SECOND CAUSE OF ACTION
## UNRUH CIVIL RIGHTS ACT
### California Civil Code § 51 et seq.

68. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

69. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

70. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

71. Plaintiff is, and at all times relevant herein was, an individual with disabilities as that term is defined under California Law. Cal. Gov. Code § 12926.

72. The Inn is a business establishment and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Act, Cal. Civ. Code § 51 et seq.

73. Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered by the Inn solely because of her disability-related use of a service dog.

74. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA, as set forth in Plaintiff's First Cause of Action.

75. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; its failure to carry out said duties as alleged herein

Complaint

1  was willful and knowing and/or the product of deliberate indifference.  Treble damages are warranted.

76.  Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION
### California Disabled Persons Act
### California Civil Code § 54 *et seq*.
### *(Statutory damages and attorneys' fees only)*

77.  Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

78.  California's Disabled Persons Act ("CDPA") provides that "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … hotels, lodging places, … and other places to which the general public is invited." Cal. Civ. Code § 54.1(a)(1).

79.  The CDPA also provides that an individual with a disability who uses a service dog may take that service dog in any of the places specified in Section 54.1. Cal. Civ. Code § 54.2(a).

80.  A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

81.  The Inn is a hotel, lodging place and/or other place to which the general public is invited, and as such, must be operated in compliance with the CDPA.

82.  Defendants' acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Defendants have denied Plaintiff full and equal access to the Inn based on her disability-related use of a service dog.

83. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA, as set forth in Plaintiff's First Cause of Action.

84. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

85. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees as set forth below.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and Unruh Act:
   a. Ordering Defendants to develop and adopt general non-discrimination policies;
   b. Ordering Defendants to modify their policies and practices to avoid discrimination against individuals with disabilities based on the disability-related use of a service dog; and
   c. Ordering Defendants to train their staff and management regarding the rights of individuals with disabilities who use service dogs.

   ***Note:*** *the Plaintiff is not invoking section 55 of the California Civil Code and is **not** seeking injunctive relief under the Disabled Persons Act.*

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

Complaint

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: June 28, 2019

By: *Michelle Uzeta*
Michelle Uzeta
Attorneys for Plaintiff

Complaint